IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| XIUMIN LI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civ. Action No. 3:17-CV-1662-B |
| § | |
| DALLAS MUNICIPAL COURT, § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

The plaintiff initially filed a motion for a temporary restraining order and/or injunctive relief against the municipal defendant in this case in an unrelated civil action against her former employer. (*See* No. 3:17-CV-712-B, doc. 41.) The motion was liberally construed as a civil rights action and opened as a new case on June 23, 2017. (*See* doc. 42.) By *Notice of Deficiency and Order* dated June 26, 2017, the plaintiff was notified that her motion had been construed as a new civil rights action, her filing did not comply with Fed. R. Civ. P. 8, and she had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 5.) Included with the order were copies of Rule 8 and a form IFP application. *See id.* The order specifically advised the plaintiff that she must file an amended complaint and either pay the filing fee or file her IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* On July 11, 2017, the plaintiff was granted a fourteen-day extension of time to

comply with the order. (*See* doc. 7.) More than fourteen days from the date of the July 11, 2017 order extending the deadline have passed, but the plaintiff has not submitted an amended complaint and paid the filing fee or filed an IFP application.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the July 11, 2017 order that she submit an amended complaint and pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits an amended complaint and either pays the filing fee or submits her completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 10th day of August, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE