IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| XIUMIN LI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civ. Action No. 3:17-CV-1662-B |
| § | |
| DALLAS MUNICIPAL COURT, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form)*, filed August 24, 2017 (doc. 12). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

The plaintiff initially filed a motion for a temporary restraining order and/or injunctive relief against the municipal defendant in this case in an unrelated civil action against her former employer. (*See* No. 3:17-CV-712-B, doc. 41.) The motion was liberally construed as a civil rights action and opened as a new case on June 23, 2017. (*See* doc. 42.) By *Notice of Deficiency and Order* dated June 26, 2017, the plaintiff was notified that her motion had been construed as a new civil rights action, her filing did not comply with Fed. R. Civ. P. 8, and she had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 5.) Included with the order were copies of Rule 8 and a form IFP application. *See id.* The order specifically advised the plaintiff that she must file an amended complaint and either pay the filing fee or file

her IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* On July 11, 2017, the plaintiff was granted a fourteen-day extension of time to comply with the order. (*See* doc. 7.) Because more than fourteen days from the date of the July 11, 2017 order had passed, but the plaintiff failed to submit an amended complaint and pay the filing fee or file an IFP application, it was recommended that the case be dismissed for failure prosecute or follow court orders on August 10, 2017. (*See* doc. 10.)

Subsequently, on August 24, 2017, the plaintiff filed her amended complaint and an IFP motion. (*See* docs. 11, 12.) By order dated August 25, 2017, the Court found that the plaintiff had not shown that she would suffer undue financial hardship after payment of the filing fee and ordered her to pay the fee within fourteen days. (*See* doc. 14.) The order specifically provided that if she failed to pay the fee, denial of her IFP motion would be recommended, and the case would be subject to dismissal. *Id.* More than fourteen days from the date of the August 25, 2017 order have passed, but the plaintiff has failed to pay the filing fee or file anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's application states that she has $12,129.00 in a checking account. She

2

has not shown that she will suffer undue financial hardship after payment of the $ 400.00 filing fee.  The plaintiff has sufficient monetary resources available to pay the $400 filing fee in this action, and her application to proceed *in forma pauperis* should therefore be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with the August 25, 2017 order that she pay the filing fee despite a warning that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed.  Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff pays the filing fee within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED** on this 29th day of December, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                   IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE